## H. C. THOMAS *v.* ELI DEAN.

Wills—Construction.

> A clause in a will "should any of my children die before they have obtained 21 years of age, or have children, then their estate hereby devised, is to be equally divided between all my children," held to mean, "children living at the death of the devisee."

Same—Descent and Distribution.

> Under this clause, the devisee married before she was 21 years of age, and had one child, which died a few days before she did. The husband could not inherit or take under the will, as the estate descended to the brothers and sisters of the deceased wife.

APPEAL FROM GRAYSON CIRCUIT COURT.

September 26, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

James W. Wortham died in the county of Grayson leaving his widow surviving him and several children, some of whom minors. He also left a last will and testament in which after making various devises to his children, the following clause is inserted: *should any of my children die before they have obtained twenty-one years of age or have children, then their estate hereby devised, is to be equally divided between all my other children.*

One of the daughters of the devisor (Kitty J. Wortham) intermarried with Eli Dean and had by him one child, this child lived but a few moments, and the mother died in a few days after the child. Kitty the wife of Dean died under twenty-one years of age, and her estate, or that devised to her by the will was still in the hands of her statutory guardian except some portion that had been paid over to her husband and expended for her own comfort. This suit is brought by the devisees of James Wortham against Eli Dean and the guardian of his wife for a settlement of the estate in which they are asserting claim to all the property devised by the will to Dean. Dean is also asserting claim to the property by reason of his marital rights. The rights of the parties to this property depends upon the construction of that clause of the will already quoted. In order to arrive at a proper

construction of this clause the court must ascertain the intention and meaning of the devisor from the language in the will. The words used by the maker of a will must be taken in the sense in which they were used at the time. It is manifest that he intended, if any of his children, died under twenty-one years of age, that his or her portion should go to the surviving children of the devisor in the event the devisee died without having a child or children. If he had used the words *"if she die without children"* there would then be no room for construction, and we are of the opinion that the words,*"or have children"* or *"having children"* conveys the same meaning and evidences the same intention, dying under the age of twenty-one years without children"; "dying under twenty-one years, or have children." Any of these expressions when applied to the provisions of this will would mean children living at the death of the devisee. The 9th section of chapter 80, Revised Statutes, provides: "That every limitation in a deed or will, contingent upon the dying of any person without heirs or heirs of the body, or issue or issues of the body, or children or offspring, or descendants shall be construed as a limitation to take effect, when such person shall die leaving such heir, or issue, or child, &c." When the devisor wrote this will he eviderdently had no other idea on his mind than that the words *"dying under twenty-one, or have children"* meant children living at the death of such of his children as might die under twenty-one years of age. If the devisee died under twenty-one years of age without a child or children to take from the one dying, then his or her interest passed to the survivors. This construction strikes the mind of the chancellor upon reading the will as sustaining the meaning and intention of the devisor when he wrote the paper. The court below having adjudged the property to belong to the husband the case is reversed with instructions to set the judgment aside and for further proceedings in conformity with this opinion.

*Wintersmith, Conklin, for appellant.*
*Kincheloe, for appellee.*